ACCEPTED
12-16-00133-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/12/2016 8:35:22 AM
Pam Estes
CLERK

No. 12-16-00133-CV

IN THE COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS AT TYLER

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/12/2016 8:35:22 AM
PAM ESTES
Clerk

IN RE: EDSEL AMOS DIXON,
*Relator*

An Original Proceeding from Cause No. 9544
in the 354th District Court of Rains County, Texas,
Hon. Richard A. Beacom, Jr., Presiding Judge

RESPONSE OF REAL PARTY IN INTEREST, HEATHER D. DIXON, TO PETITION
FOR WRIT OF MANDAMUS

Joe Weis
State Bar No.: 21102600
2507 Washington Street
P. O. Box 765
Greenville, Texas 75403-0765
(903) 455-1876
Telecopier (903) 455-1710
Email: jweis@pgnwlaw.com
Attorney for Real Party in Interest,
Heather D. Dixon

## TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

ADDRESS TO THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

SUPPLEMENTAL STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Reply Points to Petitioner's Issue No. 1:

    A.  Because Petitioner had an adequate remedy at law (direct appeal),
        he is not entitled to the extraordinary remedy of mandamus. . . . . . . . . . . .   3

        (i)  Even assuming that the trial court erred in
             enforcing the Rule 11 agreement, Petitioner
             should have raised that issue in his direct
             appeal under this Court of Appeals' Cause No.
             12-15-00080-CV, which was dismiss by the
             Court on February 29, 2016 for want of prosecution. . . . . . . . . . . .   3

    B.  Even if Petitioner had no prior adequate remedy at law
        (direct appeal), the trial court did not abuse its discretion
        in enforcing the Rule 11 agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

        (i)  This Court's Opinion issued in Cause No. 12-13-00324-CV
             on February 28, 2014, did not prohibit, upon remand, any
             subsequent attempt to enforce a prior Rule 11 agreement by
             pleading and presenting a claim for its enforcement. . . . . . . . . . . .   4

        (ii) Established case law is clear that, upon remand of an improperly
             entered consent judgment, the appellee can seek enforcement of
             a Rule 11 agreement with pleading and notice . . . . . . . . . . . . . . . . .   4

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

CERTIFICATE OF COMPLIANCE UNDER TEX R. APP. P. 9.4 (2) . . . . . . . . . . . . .   5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

    1.  Memorandum Opinion *Per Curiam*, Cause No. 12-15-00080-CV

    2.  Judgment, Cause No. 12-15-00080-CV

    3.  Mandate, Cause No. 12-15-00080-CV

# INDEX OF AUTHORITIES

**CASES**                                                                    PAGE

***Supreme Court of Texas***

*Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex. 1985) . . . . . . . . . . . .    3

*Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656 (Tex. 1996) . . . . . . . . . . . . . .    4

*Padilla v. LaFrance*, 907 S.W.2d 454 (Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . .    4

*Walker v. Packer*, 827 S.W.2d 839 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . .    3

***Texas Court of Appeals***

*Gamboa v. Gamboa*, 383 S.W.3d 263
    (Tex. App – San Antonio 2012, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . .    4

*In Re: Castle Texas Production Limited Partnership,* 189 S.W.3d 400
    (Tex. App. – Tyler 2006, orig. proceeding.) . . . . . . . . . . . . . . . . . . . . . .    3

*In Re: Johnson,* 238 S.W.3d 846
    (Tex. App. – El Paso 2007, orig. proceeding). . . . . . . . . . . . . . . . . . . . . .    3

*Moore v. Zeller*, 152 S.W.3d 262
    (Tex. App. – Beaumont 2004, orig. proceeding) . . . . . . . . . . . . . . . . . . . .    3

*Staley v. Herblin*, 188 S.W.3d 334
    (Tex. App. – Dallas 2006, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

*The State of Texas, Relator*, 65 S.W.3d 383
    (Tex. App. – Tyler 2002, orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . .    3

No. 12-16-00133-CV

IN THE COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS AT TYLER

IN RE: EDSEL AMOS DIXON,
*Relator*

An Original Proceeding from Cause No. 9544
in the 354th District Court of Rains County, Texas,
Hon. Richard A. Beacom, Jr., Presiding Judge

RESPONSE OF REAL PARTY IN INTEREST, HEATHER D. DIXON, TO PETITION
FOR WRIT OF MANDAMUS

TO THE HONORABLE COURT OF APPEALS:

Real Party in Interest, Heather D. Dixon, respectfully submits this Response to Petition for Writ of Mandamus filed by Edsel A. Dixon and requests that this Court deny said petition and any and all other relief sought by Relator.

# SUPPLEMENTAL STATEMENT OF FACTS

Relator's Petition for Writ of Mandamus omits any reference to a key fact which defeats Relator's claim for this extraordinary relief as a matter of law; that is: Realtor had an adequate remedy at law by appeal *and* perfected an appeal to this Court under its Cause No.12-15-00080-CV, which was dismissed for want of prosecution on February 29, 2016, pursuant to this Court's Memorandum Opinion *Per Curiam* and Judgment. (*See* Appendix 1 and 2). This Court issued its Mandate in said cause on May 9, 2016. (*See* Appendix 3). Real Party in Interest, Heather D. Dixon, requests that this Court take judicial notice of said Opinion, Judgment and Mandate issued in its Cause No.12-15-00080-CV.

## ARGUMENT AND AUTHORITIES

Reply Points to Petitioner's Issue No. 1:

A. Because Petitioner had an adequate remedy at law (direct appeal), he is not entitled to the extraordinary remedy of mandamus.

(i) Even assuming that the trial court erred in enforcing the Rule 11 agreement, Petitioner should have raised that issue in his direct appeal under this Court of Appeals' Cause No. 12-15-00080-CV, which was dismissed by the Court on February 29, 2016 for want of prosecution.

The following quote is taken directly from this Court's opinion issued on January 23, 2002 in the case styled, "In Re: *The State of Texas, Relator*, 65 S.W. 3d 383, 384 (Tex. App. – Tyler 2002, orig. proceeding):

*Mandamus is "an extraordinary remedy, available only in limited circumstances." Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A writ of mandamus will issue only if (1) the trial court violates a duty imposed by law or clearly abuses its discretion, and (2) there is no adequate remedy at law, such as an appeal. Walker, 827 S.W.2d at 839, Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).*

As stated in the Supplemental Statement of Facts of this response, Relator perfected an appeal under this Court's Cause No. 12-15-00080-CV from the very judgment which he now seeks to attack through his Petition for Writ of Mandamus. That appeal was dismissed by this Court on February 29, 2016, pursuant to a Memorandum Opinion *Per Curiam* and Judgment (*See* Appendix 1 and 2). The Mandate was issued in said cause on May 9, 2016. (*See* Appendix 3). This Court should take judicial notice of the contents of its records in Cause No. 12-15-00080-CV. *Moore v. Zeller,* 152 S.W.3d 262, 264 (Tex. App. – Beaumont 2004, orig. proceeding). Where a party had an adequate remedy at law through the right of direct appeal from a judgment, the party cannot seek the same relief by petition for writ of mandamus that could have been sought through a direct appeal. *See In Re: Johnson,* 238 S.W.3d 846, 848 (Tex. App. – El Paso 2007, orig. proceeding).

Based upon the foregoing, Relator had an adequate remedy at law (a direct appeal from the very judgment he seeks to attack in this proceeding), which he failed to prosecute and, as such, as a matter of law he is not entitled to the extraordinary remedy of a writ of mandamus. *See, In Re: Castle Texas Production Limited Partnership,* 189 S.W.3d 400, 402-403 (Tex. App. – Tyler 2006, orig. proceeding)

B. Even if Petitioner had no prior adequate remedy at law (direct appeal), the trial court did not abuse its discretion in enforcing the Rule 11 agreement.

    (i) This Court's Opinion issued in Cause No. 12-13-00324-CV on February 28, 2014, did not prohibit, upon remand, any subsequent attempt to enforce a prior Rule 11 agreement by pleading and presenting a claim for its enforcement.

This Court's Memorandum Opinion under Cause No. 12-13-00324-CV found that the trial court had erred in rendering a consent judgment based upon a prior Rule 11 agreement after a date upon which Relator withdrew his consent to the settlement agreement. The Court reversed the trial court's October 2, 2013 final decree of divorce and remanded the case "…to the trial court for further proceedings." Nothing in the Court's opinion or its judgment prohibited the trial court from enforcing the prior Rule 11 agreement after a pleading seeking its enforcement was filed and notice was provided to the opposing party.

    (ii) Established case law is clear that, upon remand of an improperly entered consent judgment, the appellee can seek enforcement of a Rule 11 agreement with pleading and notice.

A Rule 11 agreement may be enforced even though one party withdraws consent before judgment is rendered on the agreement. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App. – Dallas 2006, pet. denied); *Gamboa v. Gamboa*, 383 S.W.3d 263, 269 (Tex. App. – San Antonio 2012, no pet.). These cases recognize that when consent has been withdrawn from the agreement, a court may not render judgment on the settlement agreement, but may only enforce it as a contract. A claim to enforce a disputed settlement agreement is raised through an amended pleading which asserts a breach of that agreement. *Mantas v. Fifth Court of Appeals* at 658; *Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995). This Court's opinion in Cause No. 12-13-00324-CV implicitly recognizes this legal precedence and cites *Padilla v. LaFrance* as authoritative.

Based upon the foregoing, Judge Beacom was following applicable case law after Heather Dixon's attorney filed a Motion to Reinforce Rule 11 Agreement on May 16, 2014, a copy of which is attached to Relator's Petition as Exhibit "E". So, again, even if Relator never had an adequate remedy at law by direct appeal, Judge Beacom followed applicable law and there is no evidence that he abused his discretion in entering the judgment of which Relator now complains.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Real Party in Interest, Heather D. Dixon, prays that this Court deny all relief sought by Relator in his Petition for Writ of Mandamus.

Respectfully Submitted,

/s/ Joe Weis
Joe Weis
State Bar Card No. 21102600
2507 Washington Street
P. O. Box 765
Greenville, Texas 75401
(903) 455-1876 Telephone
(903) 455-1710 Telecopier
Email: jweis@pgnwlaw.com
Attorney for Real Party in Interest,
Heather D. Dixon

## CERTIFICATE OF COMPLIANCE UNDER TEX R. APP. P. 9.4 (2)

I hereby certify that the computer program used to generate this Response calculates that a total of 2,386 words are contained within this Response.

/s/ Joe Weis
Joe Weis

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Petition for Writ of Mandamus was delivered to Relator's attorney, William A. Walsh, 131 E. Exchange Ave., Suite 223, Fort Worth, Texas 76164, via email address of billwalshlaw@yahoo.com and Hon. Richard A. Beacom, Jr., Judge of the 354th District Court of Rains County, Texas, via hand-delivery, on this 12th day of May, 2016.

/s/ Joe Weis
Joe Weis

## APPENDIX

1. Memorandum Opinion Per Curiam, Cause No. 12-15-00080-CV

2. Judgment, Cause No. 12-15-00080-CV

3. Mandate, Cause No. 12-15-00080-CV

1. Memorandum Opinion *Per Curiam*, Cause No. 12-15-00080-CV

# NO. 12-15-00080-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE MARRIAGE OF EDSEL A. DIXON AND HEATHER D. DIXON, AND IN THE INTEREST OF ASHLEY LYNN DIXON, A CHILD* | § | *APPEAL FROM THE 354TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

This appeal is being dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3(b). Appellant perfected his appeal on March 25, 2015, and the clerk's record was filed on May 5, 2015. On June 24, 2015, the appeal was ordered submitted on the clerk's record alone, making Appellant's brief due on July 24, 2015.

Appellant was notified on August 11, 2015, that his brief was due on July 24, 2015, and that neither the brief nor a motion for extension of time had been filed with the court. *See* TEX. R. APP. P. 38.8. Additionally, Appellant was warned that the appeal could be dismissed for want of prosecution if a motion for extension of time was not filed on or before August 21, 2015. *See* TEX. R. APP. P. 38.8(a)(1). Appellant was also notified that the motion must contain a reasonable explanation for his failure to file the brief and a showing that Appellee has not suffered material injury thereby. *See* TEX. R. APP. P. 38.8(a)(1).

The August 21, 2015 deadline has passed, and Appellant has not complied with this court's notice. Accordingly, we ***dismiss*** the appeal ***for want of prosecution***. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b).

Opinion delivered February 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

2.    Judgment, Cause No. 12-15-00080-CV



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 29, 2016**

**NO. 12-15-00080-CV**

## IN THE MATTER OF THE MARRIAGE OF EDSEL A. DIXON AND HEATHER D. DIXON, AND IN THE INTEREST OF ASHLEY LYNN DIXON, A CHILD

Appeal from the 354th District Court
of Rains County, Texas (Tr.Ct.No. 9544)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed for want of prosecution.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of prosecution**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

**3. Mandate, Cause No. 12-15-00080-CV**

# THE STATE OF TEXAS
# MANDATE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE 354TH DISTRICT COURT OF RAINS COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 29th day of February, 2016, the cause upon appeal to revise or reverse your judgment between

**IN THE MATTER OF THE MARRIAGE OF EDSEL A. DIXON AND HEATHER D. DIXON, AND IN THE INTEREST OF ASHLEY LYNN DIXON, A CHILD**

**NO. 12-15-00080-CV; Trial Court No. 9544**

By *per curiam* opinion.

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed for want of prosecution.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of prosecution**; and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the 9th day of May, 2016.

PAM ESTES, CLERK

By: _Katrina McClenny_
Chief Deputy Clerk